# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY TATE,

      Plaintiff,

      v.

JACOB LEW *Secretary of the Treasury*,

      Defendant.

14cv1002
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

This is Title VII case. Before the Court is Defendant's Motion to Dismiss or in the Alternative, for Transfer for Improper Venue. See doc. nos. 5-6. Plaintiff filed a Brief in Opposition to this Motion (doc. no. 7), and Defendant has filed a Reply. Doc. no. 8. For reasons set forth herein, the Court will DENY the Motion to Dismiss, but will GRANT the Motion for Transfer.

Plaintiff's Complaint against his former employer, Defendant, alleges discrimination based upon Plaintiff's gender and sexual orientation. Plaintiff claims that due to alleged on-the-job harassment, he was constructively discharged. At all times relevant to this lawsuit, Plaintiff resided in the State of Florida and his employer (the Internal Revenue Service ("IRS")) was located in Ocala, Florida.

The Court notes that employment discrimination claims such as this one are governed by Title VII, including its venue provision. 42 U.S.C. § 2000e-5(f)(3).[1] However, filing a lawsuit

---

[1] Subsection 2000e-5(f)(3) reads:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought

in an improper venue is not necessarily fatal to the claim(s). This Court has discretion to transfer the matter to proper venue.

With respect to the venue provision referenced above (42 U.S.C. § 2000e-5(f)(3)), Congress "intended to limit venue to the judicial districts concerned with the alleged discrimination." See, *e.g., Kravitz v. Inst. for Intern. Research, Inc.*, 1993 WL 453457, * 2 (E.D.Pa.1993); *Stebbins v. State Farm Mut. Auto. Ins., Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear"). In addition, Title VII venue provisions are exclusive. *Thurmon v. Martin Marietta Data Sys.*, 596 F.Supp. 367, 368 (M.D. Pa. 1984), citing *Stebbins*, *supra*. See also, *Emrick v. Bethlehem Steel Corp.*, 624 F.2d 450, 453 (3d Cir. 1982) and *Kabacinski v. Bostrom Seating, Inc.*, 98 Fed.Appx. 78, 82-3 (3d Cir. 2004).

Here, there is no dispute between the parties that Plaintiff was employed by the Defendant through the IRS in its Ocala, Florida office, in May of 2011. See Complaint, doc. no. 1, ¶¶ 10-11; see also Declaration at doc. no. 6-1. Plaintiff had heart surgery in May of 2011 and returned to work in June of 2011, in Ocala, Florida office. Id., ¶¶ 12-13. Plaintiff alleges that upon his return to work his supervisor subjected him to "continuous, severe, and pervasive sexual harassment based upon his gender and sexual orientation." Id., ¶ 14. Plaintiff alleges that

---

under this subchapter. Such **an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice**, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (emphasis added).

the conduct on the part of his supervisor led to his constructive discharge, which in turn, violated his civil rights. Id. ¶¶ 20-32.

Plaintiff claims that when he reported the alleged sexual harassment to a more regional supervisor, the regional supervisor "suggested" Plaintiff take a "hardship transfer" to the Pennsylvania office. Id., ¶ 24. Plaintiff alleges that he understood that the IRS "would make its best efforts to find Plaintiff a job in another field office, and he admits that no time did the IRS offer him a job in another location. Id., ¶¶ 24-25.

Plaintiff claims that despite his relocation to Pennsylvania, he has not been placed by the IRS in another office. Thus, Plaintiff claims he had to choose between returning to his job in Ocala, Florida, or resign. So he opted to resign in August of 2013. Id. ¶ 30, and see doc. no. 7, p. 2.

Plaintiff further claims that when he moved Pennsylvania he was still Defendant's employee. Doc. no. 7, p. 3. He also indicates that "[w]hen the IRS informed [him] that he had to return to work in Florida, [he] was still living in Pennsylvania[,]" and thus his constructive discharge took place in Pennsylvania. Id., pp. 3-4. Plaintiff argues that these facts provide him with the right to bring this action here, in teh Western District of Pennsylvania. Id., p. 4.

This Court concludes that although the "unlawful employment practice" – meaning the constructive discharge – is alleged to have been committed here in Pennsylvania, because Plaintiff resigned while living in Pennsylvania, the "unlawful employment practice" of sexual harassment – which led to the constructive discharge – took place in Florida. Thus, the gravamen of this Title VII claim took place in Florida.

Moreover, the employment records which may provide evidence of Plaintiff's claim and/or Defendant's defenses took are located in Florida. Finally, the district in which Plaintiff would have worked but for the alleged unlawful employment practice, was Florida.

For all of the foregoing reasons, the Court finds we find that venue does not properly lie in the Western District of Pennsylvania. The majority of the alleged unlawful employment practices occurred in Florida, where the relevant records are maintained and where Plaintiff would have continued to work but for the alleged discriminatory act(s) of Defendant. Accordingly, Defendant's motion to transfer will be granted on the grounds discussed, above, and an appropriate order will be entered to effect the transfer.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All Registered ECF Counsel and Parties